IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID JOSEPH STEFFEN,

    Petitioner,

v.                                   Case No. 1:92-cv-495
                                                 JUDGE GREGORY L. FROST
ARTHUR TATE, JR., Warden,     Magistrate Judge Norah McCann King

    Respondent.

**OPINION AND ORDER**

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action brought under 28 U.S.C. §2254. This matter is before the Court upon respondent's motion to reopen discovery regarding the deposition of and production of records from defense counsel, (Doc.# 166); petitioner's motion to supplement the record, (Doc.# 170); and respondent's motion to supplement the record, (Doc.# 172).

I. Introduction

The discovery processes contained in the Federal Rules of Civil Procedure do not automatically apply in habeas corpus actions. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, habeas corpus litigants are required to demonstrate good cause to conduct discovery. Rule 6 of the Rules Governing Section 2254 Cases provides--

> (a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> (b) Requesting Discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

> (c) Deposition Expenses. If the respondent is granted leave to take a deposition, the judge may require the respondent to pay the travel expenses, subsistence expenses, and fees of the petitioner's attorney to attend the deposition.

See generally *Bracy v. Gramley, supra,* 520 U.S. at 908-909 (1997)(discussing "good cause" and quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Nothing in the language of the habeas corpus rules permitting factual development – *i.e.*, Rule 6 governing discovery, Rule 7 governing expansion of the record, or Rule 8 governing evidentiary hearings – limits the applicability of those rules to requests by the petitioner. In fact, Rule 6(c), contemplates and provides for the ability of respondent to depose petitioner. The advisory committee notes state:

> Subdivision (c) specifically recognizes the right of the respondent to take the deposition of the petitioner. Although the petitioner could not be called to testify against his will in a criminal trial, it is felt that the nature of the habeas proceeding, along with the safeguards accorded by the Fifth Amendment and the presence of counsel, justify this provision.

(Advisory Committee Notes, Rule 6 of the Rules Governing Section 2254 Cases.)

Rule 7 of the Rules Governing Section 2254 Cases permits federal habeas corpus courts to direct the parties to supplement the state court record with materials relevant to the court's resolution of the petition. The rule provides:

> (a) In General. If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.
>
> (b) Types of Materials. The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.
>
> (c) Review by the Opposing Party. The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

Rule 7, Rules Governing Section 2254 Cases (eff. 12/01/04).[1] According to the Advisory Committee Notes, the purpose of the rule is not only to enable the district court to dispose of petitions not dismissed on the pleadings without the time and expense of an evidentiary hearing, but also to assist the district court in determining whether an evidentiary hearing is warranted. *See Blackledge v. Allison*, 431 U.S. 63, 81 (1977); *see also Vincent v. Louisiana*, 469 U.S. 1166, 1169-1170 (1985)(Brennan, J., dissenting). The decision of whether to order Rule 7 expansion is within the sound discretion of the district judge. *See Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988). It would appear, therefore, that expansion pursuant to Rule 7, under the language of that rule, has only a relevancy limitation. That is, the materials to be added simply must be relevant to the determination of either the merits of the constitutional claims or any other issue in the case. (Advisory Committee Notes regarding the 2004 Amendments, Rule 7, Rules Governing Section 2254 Cases.)

## II. Respondent's Motion To Reopen Discovery (Doc.# 166)

---

[1] Rule 7 was amended effective December 1, 2004. According to the Advisory Committee Notes regarding those amendments, the language was amended as part of a general restyling, and the amendments were intended to be stylistic as opposed to substantive. However, Rule 7(d), which dealt with authentication of materials, was incorporated into revised Rule 7(a). Additionally,

> Revised Rule 7(a) is not intended to restrict the court's authority to expand the record through means other than requiring the parties themselves to provide the information. Further, the rule has been changed to remove the reference to the "merits" of the petition in recognition that a court may wish to expand the record in order to assist it in deciding an issue other than the merits of the petition.

(Advisory Committee Notes regarding 2004 Amendments).

While neither party has raised the issue of which version of Rule 7 should apply – given that this case was filed in 1992 and the amendments became effective December 1, 2004 – petitioner cites to Rule 7 as it existed prior to the 2004 amendments, while respondent cites to revised Rule 7. The Court will apply Rule 7 as amended effective December 1, 2004. The 2004 amendments do not alter this Court's resolution of the various motions before it for expansion of the record.

In a motion filed on June 10, 2005, respondent seeks to reopen discovery to permit him to depose defense attorney William Flax. Respondent complains that, although petitioner was granted leave by this Court, as well as an extension of time, to depose defense attorney William Flax and to collect records from him relating to his representation of petitioner, and although petitioner represented during a status conference on June 3, 2005 that he had completed discovery, petitioner intends to submit an affidavit by William Flax in lieu of deposing him and collecting his records. Respondent reasons that by attempting to submit an affidavit in lieu of deposing Mr. Flax, petitioner not only violates this Court's discovery order, but also seeks to insulate Mr. Flax from cross examination by respondent and to shield Mr. Flax's records from review. Thus, respondent requests an order reopening discovery to permit him to depose Mr. Flax and examine his records relating to his representation of petitioner.

Petitioner opposes respondent's motion. Petitioner asserts that because Mr. Flax cooperated with petitioner, answered all questions asked of him, and agreed to sign an affidavit, petitioner simply saw no reason to depose him or subpoena his records. Petitioner further asserts that he is permitted under Rule 7 of the Rules Governing Section 2254 Cases to seek leave to supplement the record with this affidavit and that nothing in Rule 7 limits expansion of the record to only those documents generated through discovery under Rule 6. Petitioner points out that respondent has never formally sought leave to conduct discovery as to Mr. Flax and that respondent has failed entirely to satisfy the "good cause" standard for conducting discovery in habeas corpus. Finally, petitioner argues that respondent has cited no authority that would entitle him to review Mr. Flax's trial file, which file constitutes privileged work product.

In response to petitioner's opposition, respondent argues that he seeks to depose Mr. Flax

in keeping with Rule 7(c) of the Rules Governing Section 2254 Cases, which rule permits a party to test the correctness of any materials with which the opposing party seeks to expand the record. Respondent reasons that the only method by which he may test the correctness of Mr. Flax's affidavit is to depose Mr. Flax. For the following reasons, respondent's motion to reopen discovery is granted.

Petitioner is correct that respondent's *stated* reasons for wanting to depose Mr. Flax fall woefully short of the "good cause" standard for conducting discovery in habeas corpus. However, the same reasons that supported this Court's original finding of good cause to permit petitioner to depose Mr. Flax serve as good cause to permit respondent to depose Mr. Flax – namely, that information regarding the decision-making that informed trial counsel's actions and inaction is uniquely in the possession of trial counsel, and that while strategic decisions made by counsel are entitled to a high measure of deference, *Strickland v. Washington*, 466 U.S. 668, 681 (1984), courts determining the objective reasonableness of counsel's performance must take care not to engage in "*post-hoc* rationalizations of counsel's conduct." *Wiggins v. Smith*, 539 U.S. 510, 526-27 (2003). In short, without expressing any opinion as to the applicability of Rule 7(c) and the right of respondent to challenge the correctness of documents submitted by petitioner, the Court is satisfied that good cause exists under Rule 6(a) for respondent to depose defense attorney William Flax.

Regarding petitioner's assertion of attorney-client and work-product privileges as a reason why respondent should not be permitted to depose Mr. Flax or gain access to his trial file, it is generally presumed that habeas petitioners implicitly waive the attorney-client privilege when they raise claims of ineffective assistance of counsel. *See In re Lott*, – F.3d. – , NO. 05-

3532, 2005 WL 2173611, at *6 (6th Cir. Sep. 9, 2005); *Mason v. Mitchell*, 293 F.Supp.2d 819, 823 (N.D. Ohio 2003)(citing *Hunt v. Blackburn*, 128 U.S. 464 (1888); *Bittaker v. Woodford*, 331 F.3d 715, 718-720 (9th Cir. 2003)); *see also United States v. Bilzerian*, 926 F.2d 1285, 1292 (2nd Cir. 1991)(Attorney-client "privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications."); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1975)("Surely a client is not free to make various allegations of misconduct and incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege."). Concomitantly, it is also generally presumed that such waivers are narrow, and extend only so far as necessary to litigate the claim at issue. *In re Lott*, 2005 WL 2173611 at *7; *Mason*, 293 F.Supp.2d at 823; *Bittaker*, 331 F.3d at 720; *see also Fears v. Warden*, 2003 WL 23770605, Case No. C-1-01-183 (S.D. Ohio Aug. 9, 2003), at *2. For instance, the district court in *Mason v. Mitchell* held that the petitioner's implicit waiver of the attorney-client privilege did not extend to statements petitioner might have made to counsel about his involvement in the crime because such statements were not relevant to his claim that his trial attorneys were ineffective during the mitigation phase of his capital trial for the failure to investigate and present mitigating evidence. *Mason*, 293 F.Supp.2d at 823-24. Recently, in *In re Lott*, the Court of Appeals for the Sixth Circuit concluded that the petitioner's implicit waiver of the attorney-client privilege did not extend to his claim of actual innocence. *In re Lott*, 2005 WL 2173611 at *7-8.

Similarly, it is also possible for habeas petitioner to implicitly waive the work product privilege – again, only to the extent necessary to litigate the claim at issue. In *Mason*, the district court held that the petitioner had waived the privilege regarding the psychologist's investigation

6

into petitioner's background and conclusions about petitioner's mental heath condition relating to petitioner's claim that his trial attorneys were ineffective for relying on the doctor when conducting their investigation. *Id*. at 825. The district court went on to conclude, however, that the waiver of the work product privilege did not extend to any inculpatory statements that petitioner might have made to the doctor, since such statements were not related to his claim that his trial attorneys were ineffective for relying on the doctor when conducting their investigation. *Id*.

Accordingly, petitioner's blanket assertion of the attorney-client and/or work product privileges is insufficient to prevent respondent from deposing defense attorney William Flax or reviewing his trial file. However, counsel for petitioner is free, during and in connection with the deposition, to assert the privilege whenever and to the extent that counsel feel that respondent's questions to Mr. Flax or desired access to Mr. Flax's file go beyond the narrow scope of the waivers described above.

For good cause shown, respondent's motion to reopen discovery, (Doc.# 166), is granted. Respondent is granted leave to depose defense attorney William Flax within the parameters set forth in this Court's *Opinion and Order* of December 2, 2004, (Doc.# 146). That is, respondent is entitled to depose attorney William Flax, and to issue a *subpoena duces tecum* to Mr. Flax for production of all case files, documents, notes, exhibits, fee applications, and the like, in his possession pertaining to petitioner's case, only to the extent necessary to litigate the claim of ineffective assistance of counsel during the trial phase set forth in petitioner's fifteenth ground for relief and the claim of ineffective assistance of counsel during the mitigation phase set forth in petitioner's sixteenth claim for relief.

III.  Petitioner's Motion To Supplement The Record (Doc.# 170)

In a motion filed on July 7, 2005, petitioner seeks to expand the record with affidavits by defense counsel William Flax, psychologist Michael Gelbort, forensic pathologist Werner Spitz, and juror Amina Perdue.  Petitioner asserts, in keeping with the standard for expansion of the record set forth in Rule 7 of the Rules Governing Section 2254 Cases, that these affidavits are relevant to the determination of his claims and may additionally be relevant to the motion for an evidentiary hearing that he plans to file.

Respondent opposes petitioner's motion.  Specifically, respondent maintains that "Habeas Rule 7 does not afford Steffen the right to ambush the Warden with newly propounded evidentiary materials so as to insulate their content from a fair opportunity for challenge by the State."  (Respondent's Opposition, Doc.# 174, at 1.)  To that end, respondent requests that if the Court is inclined to grant petitioner's motion to expand the record with the new affidavits, then respondent be given the opportunity, pursuant to Rule 7(c), "to address those materials by depositions of the affiants."  (*Id*.)

In a reply filed on August 12, 2005, petitioner characterizes respondent's opposition as an untimely request to conduct discovery for the purpose of challenging the evidentiary documents that petitioner seeks to add.  (Petitioner's reply, Doc.# 178.)  Petitioner's motion is well taken; respondent's objection is not.

Having carefully reviewed the record and claims in this case, the Court is satisfied that the affidavits that petitioner seeks to add to the record are relevant not only to the determination of the merits of his claims but also to the determination of any motion for an evidentiary hearing that petitioner may file.  That the documents are affidavits executed more than ten years after the

8

habeas corpus petition was filed, as complained of by respondent, does not automatically diminish their relevance. Habeas Corpus Rule 7(b), as well as the advisory committee notes to the rule, expressly contemplate the filing of such affidavits.

Regarding respondent's demand, pursuant to Rule 7(c), that he be given the opportunity to challenge the correctness of those affidavits by deposing the affiants, respondent has not cited, and this Court is not aware of, any case law holding that the "opportunity to admit or deny" the correctness of documents materials offered for expansion set forth in Rule 7(c) bestows upon the opposing party the right to depose affiants. Further, the Court is not aware of any authority regarding what sort of factual development, if any, this Court is required to permit in furtherance of the opposing party's opportunity to admit or deny the correctness of the materials offered for expansion. Finally, neither Rule 7 nor the advisory committee notes expressly sets forth whether the Court may supplement the record with materials even when the opposing party expressly denies their correctness. In light of the dearth of authority on this issue, as well as the fact that the affidavits with which petitioner seeks to expand the record are relevant to the determination of his claims and resolution of his anticipated motion for an evidentiary hearing, the Court is inclined to grant petitioner's motion to expand the record, subject to respondent's right, to the best of his ability, to submit a notice admitting or denying the correctness of those affidavits. The Court will take into all due consideration any such notice filed by respondent when determining how much weight, if any, to give those affidavits.

Petitioner's motion to supplement the record, (Doc.# 170), is granted, subject to the conditions set forth above.

IV.  Respondent's Motion To Supplement The Record (Doc.# 172)

In a motion filed on July 7, 2005, respondent seeks to expand the record to add records from the Cincinnati Police Department, records from the Hamilton County Prosecutor's Office, records from the Hamilton County Coroner's Office, and Petitioner Steffen's discovery deposition of John Burke, which deposition was filed with this Court on May 20, 2005 as docket number 160. Respondent asserts that the materials are relevant to the determination of the merits of petitioner's claims.

Petitioner does not object to respondent's motion, but reserves the right to challenge those materials if they turn out to be different than what respondent represented, since respondent apparently neglected to attach to his filing the actual documents to be added to the record.

To remedy that oversight, respondent, on August 4, 2005, filed with the Court three computer disks containing the records described in his July 7, 2005 motion to supplement the record. (Doc.# 176.)

For good cause shown and because petitioner does not object, respondent's motion to supplement the record, (Doc.# 172), is GRANTED.

## V. Conclusion

For the foregoing reasons, respondent's motion to reopen discovery (Doc.# 166), petitioner's motion to supplement the record (Doc.# 170), and respondent's motion to supplement the record (Doc.# 172) are GRANTED. Further, petitioner's motion to file, *instanter*, a reply, (Doc.# 177), is GRANTED.

Respondent is granted two (2) months from the date of this order to complete discovery as to defense attorney William Flax.

Respondent is granted forty-five (45) days from the date of this order to file a notice admitting or denying the correctness of the affidavits attached to petitioner's motion to supplement the record (Doc.# 170).

Petitioner is granted forty-five (45) days from the date this order to file a notice admitting or denying the correctness of the documents and deposition transcript set forth on the three disks submitted by respondent in connection with his motion to supplement the record (doc.nos. 175, 176).

**IT IS SO ORDERED.**

  /s/ Gregory L. Frost
**GREGORY L. FROST**
**United States District Judge**