**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DAVID JOSEPH STEFFEN,**

    **Petitioner,**

    v.                                                        **Case No. 1:92-cv-495
                                                                       JUDGE GREGORY L. FROST**
**ARTHUR TATE, JR., Warden,**                 **Magistrate Judge Norah McCann King**

    **Respondent.**

**OPINION AND ORDER**

    Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action brought under 28 U.S.C. §2254.  This matter is before the Court upon petitioner's motion to strike respondent's notice of denial of correctness, (Doc.# 194), and respondent's response, (Doc.# 195).

    On July 7, 2005, petitioner filed a motion to supplement the record with four affidavits. (Doc.# 170.)  Petitioner sought to expand the record with affidavits by defense trial counsel William E. Flax (Exhibit A); psychologist Michael M. Gelbort (Exhibit B); forensic pathologist Werner E. Spitz (Exhibit C); and alternate trial juror Amina N. Perdue (Exhibit D).

    On October 5, 2005, this Court issued and Opinion and Order that, among other things, granted petitioner's motion to supplement the record, subject to the right of respondent under Rule 7(c) of the Rules Governing Section 2254 Cases to file a notice admitting or denying the correctness of petitioner's four exhibits.  In so holding, the Court rejected respondent's various arguments challenging the relevancy of the exhibits, and found that petitioner's exhibits were "relevant not only to the determination of the merits of his claims but also to the determination of any motion for an evidentiary hearing that petitioner may file." (Doc.# 180, at 8.)  However,

the Court noted that it would "take into all due consideration" any notice filed by respondent denying the correctness of the affidavits in ultimately determining how much weight, if any, it would give to petitioner's exhibits. (*Id*. at 9.)

On November 18, 2005, respondent filed a notice of denial of the correctness of the exhibits that petitioner sought to add to the record. (Doc.# 188.) Regarding Exhibit A, the affidavit by defense trial attorney William Flax, respondent argued that the affidavit should not be considered because respondent planned to depose Mr. Flax and make that deposition transcript part of the record. Respondent further argued that Exhibit B, the affidavit by Dr. Gelbort, was not relevant because it was created solely for this litigation and because petitioner has never, in the twenty-two years since his conviction, made any claim that he is suffering from brain damage. Regarding Exhibit C, the affidavit by forensic pathologist Werner Spitz regarding the blood, semen, and hair testimony that was presented by the State at trial, respondent argued that since there was no claim that the victim's mother testified falsely that her daughter was a virgin, there was no need for evidence questioning why defense counsel did not cross examine the coroner regarding whether the victim's hymen had been in tact. Equally irrelevant, according to respondent, are any statements by Dr. Spitz regarding whether eyelid swabs may have yielded more information about whether the victim was a "secretor." Finally, respondent argued that Exhibit D, the affidavit by alternate trial juror Amina Perdue, was irrelevant because the habeas corpus petition contains no juror misconduct claim.

Arguing that respondent's notice failed to comply with Habeas Corpus Rule 7(c), as well as this Court's October 5, 2005 order, petitioner filed the instant motion to strike on December 19, 2005. Specifically, petitioner argues that since the Court already determined in its October 5,

2005 Opinion and Order that the four exhibits were relevant to the determination of the merits of petitioner's claims and/or the decision of whether an evidentiary hearing should be held, respondent should not now be permitted to raise new relevancy arguments that were not included in his original opposition to petitioner's motion to expand the record, *i.e.*, Doc.# 174.  Further, according to petitioner, respondent's "notice of denial of correctness" goes beyond the general, common sense understanding of "correctness," *i.e.*, whether "the document in question is authentic and contains an accurate recitation of the statements of the witness or declarant." (Petitioner's Motion to Strike, Doc.# 194, at 3.)

In opposing petitioner's motion to strike, respondent argues that "Steffen evidently hopes that the Court will close its eyes to the substance of the matters raised in the Warden's Opposition To Steffen's Supplementation (Doc 188)." (Warden's Response, Doc.# 195, at 1.) Respondent reasons that if his opposition is non-responsive, the remedy is for the Court simply to disregard it.  Quoting Fed. R. Civ. P. 12(f), respondent argues that striking a pleading is "a fate reserved for an 'insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" (Warden's Response, Doc.# 195, at 1.)

The issue before the Court is whether respondent's "Notice of Denial of Correctness of Steffen's Proposed Supplemental Records" should be stricken as essentially unresponsive.  The Court answers that inquiry in the negative, but the Court is also of the view that the pleading is of marginal value.  The Court has already granted petitioner's July 7, 2005 motion to supplement the record, finding that the four exhibits "are relevant not only to the determination of the merits of his claims but also to the determination of any motion for an evidentiary hearing that petitioner may file." (Opinion and Order of October 5, 2005, Doc.# 180, at 8.)  Respondent's

"Notice," which was supposed to give respondent the opportunity to admit or deny the correctness of the exhibits, has done nothing to persuade the Court to change its mind.

Rule 7 of the Rules Governing Section 2254 Cases permits federal habeas corpus courts to direct the parties to supplement the state court record with materials relevant to the court's resolution of the petition.  The types of materials that may be added pursuant to this rule include "letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge.  Affidavits may also be submitted and considered as part of the record."  Rule 7(b), Rules Governing Section 2254 Cases (eff. 12/01/04).  The materials to be added simply must be relevant to the determination of either the merits of the constitutional claims or any other issue in the case.  Advisory Committee Notes regarding the 2004 Amendments, Rule 7, Rules Governing Section 2254 Cases.  Rule 7(c) requires the Court to give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  In the Sixth Circuit, the "action of striking a pleading should be used sparingly by the courts," and should be "resorted to only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy."  *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

The Court is not of the view that respondent's "notice of denial of correctness" is so unresponsive as to require the Court to strike it.  At most, it is merely unresponsive, and, when in

4

doubt as to whether a pleading "has no possible relation to the controversy," this Court sees no reason so strike it. Rule 7(c) requires the Court to give the non–moving party an opportunity to admit or deny the correctness of material offered by the moving party. Although neither the advisory committee notes to Rule 7, nor case law, offer much guidance as to what that means, it surely cannot mean giving the non-moving party another opportunity to rehash the relevancy issue, and, in this instance, that is all that respondent's "Notice" did. To the extent that the parameters of Rule 7(c) fall in line with petitioner's interpretation, *i.e.*, an opportunity for the non-moving party to challenge the authenticity of the materials to be added or the accuracy of recitations by declarants, respondent's "Notice" did nothing of the sort. Still, the Court cannot find that respondent's "Notice" has no possible relation to the controversy or otherwise deserves to be stricken.

The materials that petitioner sought via his July 7, 2005 motion to add to the record fall within the scope of materials contemplated by Rule 7 of the Rules Governing Section 2254 Cases and the Court already determined that they were "relevant" within the meaning of Rule 7 and the advisory committee notes. Respondent's "Notice" raises relevancy issues that concern the issue of whether the materials should be added to the record, and how much weight, if any, the Court should give them in determining either the merits of petitioner's claims or whether an evidentiary hearing should be held. Thus, respondent's "Notice" does not meet the criteria for requiring the Court to strike it from the record, because it cannot be said that the "Notice" bears no possible relation to the controversy at hand. In any event, respondent's "Notice" is of marginal value to the Court because it addresses an issue that has already been decided, *i.e.*, the relevancy of the materials submitted by petitioner in his July 7, 2005 motion to supplement the

record.

For the foregoing reasons, petitioner's Motion to Strike Respondent's Notice of Denial of Correctness of Petitioner's Proposed Supplemental Records, (Doc.# 194), is DENIED. Respondent's Notice of Denial of the Correctness of Steffen's Proposed Supplemental Records will remain a part of the record before this Court.

**IT IS SO ORDERED.**

                                           __/s/   Gregory L. Frost__
                                          **GREGORY L. FROST**
                                          **United States District Judge**